Catron, Judge,
delivered the opinion of the court. For
the defendant in error, it is, first, insisted, that citizens of this state alone have power to attach the property of nonresidents, and that the citizenship of the plaintiff, as well as the non-residence of the defendant, must appear upon the face of the record, or the judgment is coram non judice and void. It is believed that this attachment, in form, pursues the statute of 1794, is the same in substance and words as all attachments within the knowledge of this court heretofore issued, and is well enough. The main question is, will debt lie in the debet and detinet, on the contract declared upon? Debt lies only fora certain sum *102 in numero. 4 Co. Slade’s case. 3 Bl. Com. 154. 2 Ba. Ab. 279. Í Chit. PI. 100. 2 Selw. N. P. 467. “The quantity to be recovered must be specific and fixed, and not depend upon any subsequent valuation to settle it.” 3 Bl. Com. 154. Where the sum is certainly fixed, which must be recovered as the value of the property, there is no reason why debt in the debet and detinet will not lie for the money; and sois the case in Bac. Áb. Debt, A. where debt was brought for £20, to be paid in watches. This case has heen cited as undoubted law for ages, by writers of acknowledged authority, as legal commentators. Why ask a jury to assess damages, when the parties by the contract have precisely fixed the amount to be recovered fora failure to pay the property! Were the jury to find less, or more, the court would set the verdict aside as against law; the sum specified bears interest as a contract for money absolutely, if the property is not delivered and the contract broken. 1786 Ch. 4, sec. 5.
In the case of M’Connel and Brown vs. Caldwell, at Sparta, at the last term, the court decided substantially this question. Debt in that case was brought upon a sealed note, by which the obligors promised to pay $>400 in specie, or current bank notes.- That the defendants had the right to pay the one or the other was admitted, but it was contended that the parties had referred their contract to a specie standard of valuation of the bank notes, and it was impossible for a jury to assess different damages from those given by the court below. The declaration stood upon demurrer, to a plea of fraud, which was pronounced bad by the court. Judges Williams, Peck and Catron affirmed the judgment of the circuit court, (the other two judges not being present,) for the above reasons; that the parties had contracted for bank notes of specie value, and that lawfully a judgment for a different sum from the one adjudged to the plaintiff below, could never be given — therefore debt in the debet and detinet would lie, and that this case was not like the case where the notes were payable in current bank notes, as in Gamble vs. Hatton and White, Peck’s Rep. 130, and which ,had been followed in several cases since.
*103 Debt in the detinet has ever been a proper remedy to recover the value of property where no price has been fixed, as will be seen by the case of Birkhead vs. Wilson, 1 Dyer 25, which was debt, for 20 quarters of malt: but where the value of the property contracted to he paid is fixed by the contract, at a specie price, and the contract is broken, no reason can be seen why it shall not be treated as a contract for a sum certain in money.* It would be turning round the parties to another form of action sounding in damages to no purpose, and would be trying the cause, not upon its merits, but entangling the same in the nice formalities of the law. This would not be pursuing the act of 1809, ch. 49, sec. 21, but violating the same. Let the judgment of the circuit court be reversed, and judgment given for plaintiff below.

See 1 Ch. PI. 101, Com. Dig. debt A, 5.